# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: DLN PROPERTIES, LTD** | **CIVIL ACTION**<br><br>**NO. 17-10554 c/w 17-12719**<br><br>**SECTION: "E"** |

*Applies to both 17-10554 & 17-12719*

## ORDER AND REASONS

This matter is before the Court on appeal from the U.S. Bankruptcy Court for the Eastern District of Louisiana.[1] Appellant Debra Guthans appeals the Bankruptcy Court's September 28, 2017 order granting Appellee JPMorgan Chase Bank, N.A.'s ("Chase") motion for summary judgment.[2] Ms. Guthans also appeals the Bankruptcy Court's November 16, 2017 order denying her motion to compel Chase to amend its proof of claim.[3] These matters were consolidated on November 28, 2017.[4] For the reasons that follow, the Court **REVERSES** the Bankruptcy Court's September 28, 2017 order granting Chase summary judgment, **REVERSES** and **RENDERS** the Bankruptcy Court's November 16, 2017 order denying Ms. Guthans' motion to compel, and **REMANDS** both matters to the Bankruptcy Court for further proceedings not inconsistent with this Order.

## I. FACTUAL & PROCEDURAL BACKGROUND

Appellant Debra Guthans is the former spouse of Anthony Guthans, the president of the debtor corporation, DLN Properties, LTD ("DLN"). On November 17, 2015, DLN filed a

---

[1] Unless otherwise indicated, citations to the record herein are to case No. 17-10554.
[2] R. Doc. 1; Bankr. No. 17-1019, R. Doc. 68.
[3] No. 17-12719, R. Doc. 1; Bankr. No. 15-12993, R. Doc. 209.
[4] R. Doc. 8.

1

voluntary petition for Chapter 11 bankruptcy in the U.S. Bankruptcy Court for the Eastern District of Louisiana (the "Bankruptcy Proceeding").[5] At the time DLN filed for bankruptcy, the shares in DLN were unpartitioned community property resulting from the marriage of Debra and Anthony Guthans.[6] Mr. and Ms. Guthans were divorced on June 9, 2011.[7]

On September 30, 2016, Chase filed a Proof of Claim in the Bankruptcy Proceeding in the amount of $628,140.96.[8] Chase represented that DLN granted it a collateral mortgage on real property located at 2714 Independence Street, Metairie, Louisiana (the "Independence Street Property") to secure the debt of the AHG Services, LLC ("AHG").[9]

On January 13, 2017, the Bankruptcy Court entered its order confirming DLN's second amended Chapter 11 Plan.[10] With respect to Chase's proof of claim, the court stated:

> The Allowed Secured Claim of JPMorgan Chase shall be fixed and Allowed as of the Petition Date in the amount of $628,140.96. Notwithstanding any other provision in this Plan to the contrary: (1) Debtor shall acknowledge and JPMorgan Chase shall retain its Liens in all Plan Assets (including the Independence Property) securing the Allowed Secured Claim of JPMorgan Chase as of the Effective Date until such Allowed Claim has been paid in full.[11]

On February 10, 2017, Ms. Guthans filed a complaint against DLN and Chase, seeking to revoke DLN's Chapter 11 Plan and requesting injunctive relief against Chase (the "Adversarial Proceeding").[12] In her adversarial complaint, Ms. Guthans alleges the resolution passed by DLN (the "Resolution"), on which Mr. Guthans relied to mortgage

---

[5] Bankr. No. 15-12993, R. Doc. 1.
[6] Bankr. No. 15-12993, R. Doc. 201-1.
[7] R. Doc. 3-8 at 51.
[8] R. Doc. 3-5.
[9] *Id.* The Court notes that, according to the Louisiana Business Filings on record with the Louisiana Secretary of State, AHG's sole officer and registered agent is Douglas A. Guthans.
[10] Bankr. No. 15-12993, R. Doc. 143.
[11] *Id.*
[12] Bankr. No. 17-1019, R. Doc. 1. Ms. Guthans filed an amended complaint on March 7, 2017. Bankr. No. 17-1019, R. Doc. 9.

the Independence Street Property on DLN's behalf, authorized him to mortgage the property only for the debts of DLN.[13] Chase certified that its proof of claim included a "true and correct" copy of the collateral mortgage it filed in the Jefferson Parish Mortgage Office.[14] The collateral mortgage recorded in the public record includes a copy of the Resolution.[15] However, Chase did not include a copy of the Resolution with its proof of claim filed in the Bankruptcy Court.[16]

Ms. Guthans alleges she "has demanded that DLN file a plan modification (pursuant to 11 U.S.C. § 1127(b)) in order to provide for a judicial determination of whether Chase has a valid and enforceable mortgage against DLN's Independence Street property,"[17] but that despite "having provided DLN with legal authorities supporting the invalidity of the mortgage, and Plaintiff having identified to DLN how its President and manager, Anthony H. Guthans, has a personal interest in not seeking to invalidate the mortgage, DLN has refused to file any Plan Modification that would allow the Court to make such a determination."[18] According to Ms. Guthans,

> as a result of the omission of the deficient Resolution from the Chase Proof of Claim, and the failure of . . . DLN to disclose the Resolution (demonstrating that Chase does not have a valid mortgage), the DLN Chapter 11 Plan does not comply with the requirements of 11 USC Sections 1129, and the Confirmation Order was procured through an intentional and material omission, constituting a fraud sufficient to have the Confirmation Order revoked pursuant to 11 U.S.C. § 1144.[19]

---

[13] Bankr. No. 17-1019, R. Doc. 9 ¶ 18.
[14] R. Doc. 3-5 at 3.
[15] R. Doc. 3-8 at 46–47.
[16] Bankr. No. 17-1019, R. Doc. 9.
[17] *Id.* at ¶ 20.
[18] *Id.* at ¶ 21.
[19] *Id.* at ¶ 22.

3

Based on these allegations, Ms. Guthans sought revocation of DLN's Chapter 11 Plan and an injunction against Chase, preventing Chase from enforcing the allegedly invalid mortgage.[20]

On August 4, 2017, Chase filed a motion for summary judgment in the Adversarial Proceeding.[21] On September 27, 2017, Ms. Guthans settled her claims against DLN, and the Bankruptcy Court entered an order dismissing DLN from the Adversarial Proceeding.[22] The next day, on September 28, 2017, the Bankruptcy Court granted Chase's motion for summary judgment.[23] On October 13, 2017, Ms. Guthans filed a motion in the Bankruptcy Proceeding to compel Chase to amend its proof of claim to include a copy of the Resolution. Ms. Guthans claims that Chase has an "ongoing duty to amend its proof of claim" to correct any inaccuracies.[24] On November 16, 2017, the Bankruptcy Court denied Ms. Guthans' motion to compel.[25] Ms. Guthans timely appealed both orders to this Court.[26]

## II.    ANALYSIS

### A. Chase's Motion for Summary Judgment in the Adversarial Proceeding

In her Adversarial Proceeding, Ms. Guthans included allegations of fraud to support her request that the confirmation of DLN's Chapter 11 Bankruptcy Plan be revoked.[27] United

---

[20] *Id.* at ¶¶ 36, 37.
[21] Bankr. No. 17-1019, R. Doc. 44.
[22] Bankr. No. 17-1019, R. Doc. 66. The order does not specify whether this dismissal was with prejudice.
[23] Bankr. No. 17-1019, R. Doc. 68.
[24] Bankr. No. 15-12993, R. Doc. 201 at 4. Ms. Guthans also requested Chase amend its proof of claim to: "reflect the payments it received following the sales of its alleged collateral," and "claim allowance of attorneys' fees (which were not part of the Chase claim 'allowed' by the Plan)." *Id.* at 6. In this Order, the Court addresses only Ms. Guthans' request to compel Chase to amend its proof of claim to include a copy of the Resolution. Ms. Guthan is free to reurge these remaining claims on remand.
[25] Bankr. No. 15-12993, R. Doc. 209.
[26] Bankr. No. 15-12993, R. Doc. 210; Bankr. No. 17-1019, R. Doc. 70.
[27] Bankr. No. 17-1019, R. Doc. 9.

4

States Code, Title 11, section 1144 provides that, "On request of a party in interest at any time before 180 days after the date of the entry of the order of confirmation, and after notice and a hearing, the court may revoke such order if and only if such order was procured by fraud."[28] Because DLN procured the order confirming the mortgage, Ms. Guthans was required to show that DLN committed fraud in its failure to disclose certain information.[29]

On August 4, 2017, Chase filed its motion for summary judgment in the Adversarial Proceeding, seeking judgment as a matter of law that it did not commit fraud when it failed to include the Resolution in its proof of claim.[30] In support of its motion, Chase argued Ms. Guthans "has no evidence whatsoever that Chase committed fraud on the court, *her sole allegation against it*."[31]

On September 27, 2017, Ms. Guthans settled her claims against DLN, and the Bankruptcy Court entered an order dismissing DLN from the proceeding.[32] Because Ms. Guthans had settled her claims against DLN, the only cause of action remaining before the Bankruptcy Court at the time it ruled on Chase's motion for summary judgment was Ms. Guthans' request that the court "prohibit[] Chase from attempting to enforce its alleged mortgage against the Independence Street property, or otherwise collecting its alleged claim

---

[28] 11 U.S.C. § 1144.
[29] Because the plan the Bankruptcy Court eventually confirmed was filed by DLN, Bankr. No. 15-12993, R. Doc. 126, the plan's confirmation was procured by DLN. Thus, only the fraud of DLN is actionable pursuant to 11 U.S.C. § 1144. *See In re Tenn-Fla Partners*, 170 B.R. 946, 967 (Bankr. W.D. Ten. 1994) (stating that "With regard to fraud necessary for revocation of an order on a confirmed plan, it has been held in the chapter 13 context and adopted in the chapter 11 context that the plaintiff must prove: (1) that *the debtor* made a representation regarding . . . compliance with Code § 1325 [or § 1129] which was materially false; (2) that the representation was either known by the debtor to be false, or was made without belief in its truth, or was made with reckless disregard for the truth; (3) that the representation was made to induce the court to rely upon it; (4) [that] the court did rely upon it; and (5) that as a consequence of such reliance, the court entered the confirmation order." (emphasis added)), *rev'd in part and aff'd in part*, 229 B.R. 720 (W.D. Ten. 1999). When a *creditor* files a fraudulent proof of claim, 11 U.S.C. § 502(j) allows a court to set the fraudulent proof of claim aside. *See, e.g.*, *In re Anthony*, 302 B.R. 843, 851–54 (Bankr. N.D. Miss. 2003).
[30] Bankr. No. 17-1019, R. Doc. 44-1 at 1.
[31] *Id.* (emphasis added).
[32] Bankr. No. 17-1019, R. Doc. 66. The order does not specify whether this dismissal was with prejudice.

5

against property of DLN."[33] Pursuant to this request, Ms. Guthans' only prayer for relief against Chase was for "the Court [to] issue a preliminary injunction, and after trial on the merits, a permanent injunction."[34]

To be entitled to injunctive relief against Chase, Ms. Guthans was not required to allege or prove that Chase committed fraud. Federal Rule of Bankruptcy Procedure 7001(7) "requires that a request to obtain an injunction, or other equitable relief be filed as an adversary proceeding."[35] Federal Rule of Civil Procedure 65, which discusses a district court's ability to issue an injunction, applies to adversary proceedings in bankruptcy cases.[36] To obtain injunctive relief in an adversarial proceeding, a plaintiff must establish: (1) "a substantial likelihood of success on the merits," (2) that there exists "a substantial threat of irreparable injury if the injunction is not granted," (3) "the threatened injury to the plaintiff . . . outweigh[s] the threatened injury to the defendant," and (4) "the granting of the preliminary injunction [does] not disserve the public interest."[37] To prove her likelihood of obtaining an injunction against Chase enforcing the mortgage, Ms. Guthans was not required to produce evidence that Chase committed a fraudulent act.[38] Instead, she was required to submit evidence that the Resolution did not authorize Mr. Guthans to mortgage DLN's property to secure the debt of a third party.[39]

---

[33] Bankr. No. 17-1019, R. Doc. 9 ¶ 37.
[34] *Id.*
[35] *In re Martin*, 268 B.R. 168, 172 (Bankr. E.D. Ark. 2001).
[36] *In re Reed*, 183 B.R. 107, 110 (Bankr. E.D. La. 1995) (citing FED. R. BANKR. P. 7056).
[37] *Id.* (citing *Cherokee Pump & Equipment Inc. v. Aurora Pump*, 38 F.3d 246, 249 (5th Cir. 1994)); *Landmark Land Co. v. Office of Thrift Supervision*, 990 F.2d 807, 810 (5th Cir. 1993); *see also In re Martin*, 268 B.R. at 172 (citing *Nat'l Credit Union Admin. Board v. Johnson*, 133 F.3d 1097 (8th Cir. 1998)).
[38] *See In re Reed*, 183 B.R. at 110 (citing FED. R. BANKR. P. 7056).
[39] For a discussion of whether the Resolution gave Mr. Guthans the authority to execute the Chase mortgage, see the Court's discussion *infra* notes 57–75.

Chase may move for summary judgment only on a claim against Chase or a defense to a claim against Chase.[40] Fraud is not an element of Ms. Guthans' request for an injunction against Chase, nor is it a part of Chase's defense to Ms. Guthans' request for an injunction. As a result, Chase has not moved for summary judgment on a claim or defense, or part thereof, related to the request for an injunction. Chase, in effect, requested summary judgment on the fraud element of Ms. Guthans' claim against DLN for revocation of the plan, a claim that had been dismissed by the time the Bankruptcy Court ruled on Chase's motion for summary judgment.[41]

Nevertheless, on September 28, 2017, the Bankruptcy Court granted Chase's motion for summary judgment, relying on its findings that there were no misrepresentations made to the court by Chase and that Chase neither concealed anything from the court nor acted with fraudulent intent.[42] Although not explained, it appears the Bankruptcy Court found Ms. Guthans would not be able to establish a likelihood of success on her request for an injunction because the court believed fraud on the part of Chase was a necessary element of showing the Independence Street Mortgage was a nullity. It does not appear that the Bankruptcy Court even addressed whether Chase's

---

[40] *See* FED. R. CIV. P. 56.
[41] The Court notes Federal Rule of Civil Procedure 11 does not permit a defendant to seek relief on behalf of its co-defendant. *See Spillers v. Tillman*, 959 F. Supp. 364, 367 (S.D. Miss. Mar. 17, 1997) (explaining Rule 11 "does not authorize one party to make representations or file pleadings on behalf of another. Rather, Rule 11 requires that each pleading, motion or other paper submitted to the court be signed by the party or its attorney of record, if represented"); *Firefighters' Retirement Sys. v. Citco Grp. Ltd.*, No. 13-373, 2017 WL 3492992, at *2 (M.D. La. Aug. 14, 2017) (denying a co-defendant's motion to dismiss filed on behalf of another co-defendant based on Federal Rule of Civil Procedure 11); *Ashcroft v. Dep't of Corrections*, No. 05-488, 2007 WL 1989265, at *8 (W.D.N.Y. July 6, 2007) (denying a motion to dismiss brought by one defendant on behalf of another for lack of standing); *Flir Sys., Inc. v. Motionless Keyboard Co.*, No. , 2011 WL 2011482, at *1 (D. Or. May 23, 2011) ("In any event, the Court notes Gambaro, a pro se co-defendant, cannot make any motion on MKC's behalf; i.e., if MKC wishes to move for dismissal based on the Court's putative lack of jurisdiction over it, such a motion must be filed by MKC's counsel of record.").
[42] Bankr. No. 17-1019, R. Doc. 68.

mortgage on the Independence Street Property was valid, which is the real measure of whether Ms. Guthans would be successful in her request for injunctive relief.[43]

In reviewing the Bankruptcy Court's grant of summary judgment, "[t]his Court reviews the bankruptcy court's findings of fact for clear error and its legal conclusions de novo."[44] In granting Chase's motion for summary judgment, the Bankruptcy Court committed an error of law. Because the Court concludes that Chase was not entitled to summary judgment on whether it committed fraud, an element of the claim for revocation against DLN, the Court **REVERSES** the Bankruptcy Court's September 28, 2017 order granting Chase's motion for summary judgment and **REMANDS** case number 17-10554 to the Bankruptcy Court for further proceedings not inconsistent with this Order.[45]

### B. Appellee's Motion to Compel in the Bankruptcy Proceedings

On October 13, 2017, in her capacity as the holder of an undivided fifty percent equity interest in DLN, Ms. Guthans filed a motion to compel Chase to amend its proof of claim to include the Resolution that Chase contends authorized Mr. Guthans to encumber the Independence Street Property.[46] According to Ms. Guthans, should Chase amend its proof of claim to include the Resolution, it would reveal that "the mortgage forming the basis of its *in rem* claim against the Debtor [is] invalid."[47]

In the Bankruptcy Court, Chase argued the motion should be denied because the failure to include the Resolution in its proof of claim was immaterial; Chase argued the

---

[43] The Court notes that the Independence Street Property has since been sold. Thus, the injunctive relief Ms. Guthans requests, that Chase be prevented from enforcing its mortgage, appears to be moot.
[44] *In re Babcock & Wilcox Co.*, 526 F.3d 824, 826 (5th Cir. 2008) (citing *In re Cahill*, 428 F.3d 536, 539 (5th Cir. 2005)); *In re Shcolnik*, 670 F.3d 624, 627 (5th Cir. 2012) (citing *In re Ark–La–Tex Timber Co., Inc.*, 482 F.3d 319, 328 (5th Cir. 2007)).
[45] Bankr. No. 17-1019, R. Doc. 68.
[46] Bankr. No. 15-12993, R. Doc. 201.
[47] *Id.* at ¶ 4.

8

Resolution did grant Mr. Guthans the authority to mortgage the Independence Street Property to secure AHG's debt. Alternatively, Chase argued that, even assuming the Resolution did not authorize Chase's mortgage, Ms. Guthans' claim that Mr. Guthans lacked the capacity to execute the mortgage is a relative nullity, and thus any action to invalidate the mortgage has prescribed.[48]

Clearly, amendments to proofs of claim are allowed and even required in some instances. Federal Rule of Bankruptcy Procedure 9011 "explicitly requires all filings with the court to present only facts which the party reasonably believes to have evidentiary support; debtors facing fraudulent proofs of claim could seek sanctions under that section."[49] When a previously filed proof of claim is incomplete or inaccurate, the proof of claim must be updated by the filing party.[50]

It is equally clear that the bankruptcy court has the authority to order the amendment of a proof of claim. "Bankruptcy Courts are courts of equity,"[51] and "a court of equity is enabled to frustrate fraud and work complete justice."[52] The Bankruptcy Code grants broad statutory power to bankruptcy courts:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.[53]

---

[48] Bankr. No. 15-12993, R. Doc. 207.
[49] *Adair v. Sherman*, 230 F.3d 890, 895 (7th Cir. 2000).
[50] *In re Hannon*, 421 B.R. 728 (Bankr. M.D. Pa. 2009); *see also* 18 U.S.C. § 152(8).
[51] *In re Thomas*, 223 F. App'x 310, 313 (5th Cir. 2007) (quoting *Nikoloutsos v. Nikoloutsos* (*In re Nikoloutsos*), 199 F.3d 233, 236 (5th Cir. 2000)).
[52] *Id.* (quoting *Tex. Co. v. Miller*, 165 F.2d 111, 116 (5th Cir. 1947)).
[53] 11 U.S.C. § 105(a).

Thus, the Bankruptcy Court has the authority to order Chase to amend its proof of claim, if the amendment is necessary to prevent an abuse of process.

"This Court reviews the Bankruptcy Court's legal rulings de novo."[54] The Court reviews the Bankruptcy Court's decision to allow or disallow an amendment to a proof of claim under the abuse of discretion standard.[55] As this is a motion to compel the filing of an amended proof of claim, the Court will apply the abuse of discretion standard.

Chase argues the Bankruptcy Court did not abuse its discretion when it found Chase had not committed a fraud.[56] The issue before the Court on appeal No. 12-12719 is not whether the Bankruptcy Court abused its discretion when it found that Chase had not committed a fraud. Instead, the issue is whether the Bankruptcy Court abused its discretion when it denied the motion to compel the amendment of Chase's proof of claim.

The Resolution at issue in this case provides:

> RESOLVED, that Anthony H. Guthans, in his capacity as President of this Corporation, be and is hereby authorized, directed and empowered for and on behalf of this Corporation to borrow any sums of money from any person, firm or corporation willing to lend same, and/or arrange for the extension or renewal of any indebtedness due by this Corporation, and/or utilize the assets of this Corporation as security to induce any creditor of this Corporation not to call any demand notes of this Corporation. And, in order to accomplish such purposes, and for any other purpose, that the said officer of this Corporation deems necessary and proper, said officer is hereby authorized, directed and empowered to execute and endorse on behalf of this Corporation, a note or notes, payable at such times, bearing such interest, and containing such terms, conditions and provisions, as in his absolute discretion may seem necessary and advisable. In order to secure said note or notes, to be executed by said officer, said officer is hereby further authorized and empowered to appear before any Notary Public and execute an Act of Mortgage or Act of Collateral Mortgage, or Act of Vendor's Lien Mortgage in such form and containing such terms and conditions as such officer in his absolute discretion may deem necessary and advisable, including without limitation, a waiver of appraisement, pact de non alienando, confession of judgment and the usual Louisiana security clauses.

---

[54] *Wells Fargo Bank, N.A. v. Jones*, 391 B.R. 557, 604 (E.D. La. 2008).
[55] *In re Int'l Horizons, Inc.*, 751 F.2d 1213, 1215 (11th Cir. 1985).
[56] R. Doc. 18 at 13–30.

BE IT FURTHER RESOLVED that the above named officer is hereby authorized, directed and empowered to purchase, exchange and/or sell real property, immovables, personal property, movable property, corporeal and incorporeal property, and any interest therein, of any sort, size, nature, type or description whatsoever, in whole or in part, and wherever located; all for such prices and on such terms as he may deem proper and to the best interest of the Corporation; to enter into any agreements or options for the purchase, exchange or sale of any such movable or immovable property, or any interest therein; to make, sign and execute for this Corporation, any and all Mortgages or Vendor's Liens and privileges that he may deem necessary and proper in connection with the purchase or exchange of such movable or immovable property or any interest therein, and to borrow money and to make, sign and execute notes, negotiable promissory notes, mortgage notes, or any and all types of evidences of indebtedness, all on such terms and conditions and at such interest rates as he may deem proper and to secure payment of said evidences of indebtedness by the execution of Vendor's Lien, Special Mortgages, Collateral Real or Chattel Mortgages, or any other type of security device, all in connection with the purchase or exchange of such property or interests therein, to transfer and sell any and all property owned or subsequently acquired by this Corporation to any legally organized building and loan association and to reacquire said property by granting a Vendor's Lien and Mortgage on said property for the purpose of creating a security device in favor of said building and loan association; and furthermore to provide additional security in favor of any building and loan association, he is authorized to acquire and purchase shares of mortgage loan stock and to pledge these shares to the association at such prices and under such conditions as he may desire; to accept negotiable promissory notes, mortgage notes, mortgages, liens, privileges or other types of evidences of indebtedness or other types of security in consideration for the sale of any property or interest therein belonging to the Corporation; to accept, acknowledge receipt of and give acquittance for any cash or other valuable consideration received by the Corporation; to purchase, exchange, sell or assign minerals, minerals interests, mineral royalties and mineral leases of any sort, size, nature, type or description whatsoever or any interest therein, in whole or in part and wherever located; to make, sign and execute leases or rental agreements on any movable or immovable property owned by or leased to the Corporation, to make, sign and grant any mineral leases, mineral deeds or retain any mineral reservations for or on behalf of the Corporation, all on such terms and conditions as he may deem in the best interest of the Corporation; and all of the above and foregoing actions may be performed without the necessity of ratification or further approval by the Board of Directors of said Corporation or of its Stockholders, and to do anything necessary and proper to carry out the above purposes, including the signing and execution in the name of the Corporation, of any and all documents or other instruments in writing, and to pledge, pawn and hypothecate any note or notes or any note(s) secured by Mortgage or

Collateral Real or Chattel Mortgage to secure any other note(s) executed for and on behalf of this Corporation to obtain any loan(s); to pledge, pawn and hypothecate, any and all other securities belonging to this Corporation as in his absolute discretion may seem necessary or achievable, and which may be required by any person, firm or corporation, as security for any indebtedness so created by said officer in accordance herewith, or any prior existing indebtedness of this Corporation; and generally to do and perform anything necessary and proper to further the purposes and interests of this Corporation in the sole discretion of said officer.[57]

Chase admits, "The Resolution is not a model of draftsmanship. Its language is dense and nearly impenetrable."[58] The Court agrees.

Louisiana Civil Code article 2996 provides that an entity's agent must have the entity's express authority to encumber the entity's property.[59] "Authority to encumber real estate of a corporation may be granted only by resolution of the corporate board of directors in regular proceedings *expressly authorizing* the representative of the corporation to execute the mortgage on behalf of the corporation."[60]

As to what constitutes "express authorization" in the context of encumbering real property for the benefit of a third party, the Louisiana Third Circuit Court of Appeal's discussion in *Noel v. Noel* is instructive.[61] In *Noel*, the plaintiffs brought action against their mother's representative to cancel real estate transactions allegedly executed using an invalid procuration.[62] The principal, Mrs. Irene Joyce Trahan Noel, allegedly executed

---

[57] R. Doc. 3-8 at 42.
[58] R. Doc. 18 at 16.
[59] *Nine-O-Five Royal Apartment Hotel, Inc. v. Atkins*, 2014-0325 (La. App. 4 Cir. 10/8/14), 151 So. 3d 739, 747.
[60] *Id.* (citing *Marsh Inv. Corp*, 490 F. Supp. at 1327) (emphasis added).
[61] 2016-734 (La. App. 3 Cir. 8/2/17), 225 So. 3d 1114. Although the court in *Noel* analyzed whether a written power of attorney, or procuration, authorized the representative to sell to himself immovable property belonging to the principal, because under Louisiana procuration law, the representative's right to alienate, encumber, acquire, or lease a thing must be express, La. C. C. art. 2996, the court's discussion in *Noel* on whether the procuration at issue in that case expressly authorized the representative to sell the principal's real property is instructive. *See also First Nat'l Bank of Ruston v. Pine Belt Prods. Co-op*, 363 So. 2d 1201, 1207 (La. 2 Cir. 1978) (discussing whether a corporate resolution authorized the president to self deal and concluding it did not).
[62] 225 So. 3d at 1115.

12

a power of attorney, or procuration, purportedly giving her representative authority to conduct various acts on her behalf, including the sale and transfer of her real property. Using this procuration, the representative executed several sales of Mrs. Noel's property, which were made to the representative and his wife. Mrs. Noel's children filed suit, seeking to revoke the sales and arguing that the procuration did not expressly authorize the representative to "self deal." The procuration at issue authorized the representative:

> 10. To do, perform, conduct, manage, and transact all and singular the affairs, business and concerns of Constituent of whatever nature or kind, without any exception or reservation whatever.
>
> 11. To make, accept, draw and endorse promissory notes and bills of exchange in the name of Constituent, and to bind the said Constituent by acknowledgment of debt, promises to pay and engagements of all kinds.
>
> 12. To sell, transfer, assign and convey to any and all person or persons or corporation, institutions, with all legal warranties, all or any parts of the real, personal or mixed estate of the said Constituent, either judicially or extra-judicially, for such price and upon such terms and conditions that the said Attorney may think fit; to receive the price of such sales, and to grant receipt and acquittance therefor.
>
> 13. To encumber, hypothecate or mortgage all or any part or parts of the property, movable or immovable belonging to said Constituent; to consent to the erasure and cancellation of all mortgages and privilege inscriptions in favor of or against the said Constituent.[63]

The Louisiana Third Circuit concluded that, "although [the representative] was authorized to sell Mrs. Noel's immovable property, he was not authorized to sell that property to himself as there was no specific authorization allowing him to self deal concerning the immovable property of [the principal]."[64]

The Resolution in this case does not expressly authorize Mr. Guthans to mortgage DLN's property for the benefit of a third party, as required by Louisiana Civil Code article

---

[63] *Id.* at 1119–20.
[64] *Id.* at 1122.

2996.⁶⁵ Chase argues, "The Language of the Resolution is not clear, but its ambiguity at least provides enough support to justify Anthony Guthans's action." ⁶⁶ This argument, apparently meant to support Chase's argument that it committed no fraud, is fatal to Chase's argument that Mr. Guthans had express authority to mortgage the property.⁶⁷ To the extent the Resolution provides Mr. Guthans had "the sole discretion" "generally to do and perform anything necessary and proper," it was consistently tempered by the direction "*to further the purposes and interests of* [*DLN*]."⁶⁸ The Court concludes the collateral mortgage placed on the Independence Street Property was unauthorized.

The Bankruptcy Court did not analyze whether the Resolution authorized Mr. Guthans to mortgage the Independence Street Property to secure the indebtedness of AHG before denying the motion to compel. This analysis was necessary to determine whether amendment of the proof of claim was required. Denial of the motion to compel was an abuse of the Bankruptcy Court's discretion. As a result, the Court reverses the Bankruptcy Court's order denying Ms. Guthans' motion to compel, and the motion to

---

⁶⁵ "A corporate officer has no authority in absence of a specific resolution from the board of directors of the corporation to pay from corporate funds the personal debts of a corporate officer or the personal debts of a third party." *First Nat'l Bank of Ruston*, 363 So. 2d at 1207 (citing *Stephens v. Brackin*, 134 So. 326 (La. App. 2 Cir. 1931)); *Proctor v. Opelousas Ins. Agency*, 158 So. 627 (1934); *Wallace v. Mouton*, 127 So. 360 (1930); *Lilliedahl & Mitchel v. Avoyelles Trust & Savings Bank*, 352 So. 2d 781 (La. App. 3 Cir. 1977); *Guaranty Bank & Trust Co. of Alexandria v. C & R Development Co.*, 258 So. 2d 543 (1972)); *see also First Nat'l Bank of Ruston*, 363 So. 2d at 1208 ("[T]he resolution was not authorized to be expended for the payment of debts of third persons totally unrelated to the needs of the corporation for which the loan was designated to provide funds to meet.").
⁶⁶ R. Doc. 18 at 16.
⁶⁷ Chase argues that amendment to its proof of claim in the underlying bankruptcy proceeding might be necessary, but only if the Bankruptcy Court's finding that Chase did not commit fraud is set aside. Chase's argument is no longer valid, as this Court has reversed the Bankruptcy Court's order dismissing the Adversarial Proceeding based on its finding that Chase did not commit a fraud. *See* the Court's discussion *supra* notes 27–45.
⁶⁸ R. Doc. 3-8 at 42 (emphasis added); *see also id.* (authorizing Mr. Guthans to mortgage DLN's property for "for such prices and on such terms as he may deem proper *and to the best interest of the Corporation*." (emphasis added)); *id.* (authorizing Mr. Guthans "to make, sign and grant any mineral leases, mineral deeds or retain any mineral reservations for or on behalf of the Corporation, all on such terms and conditions as he may deem *in the best interest of the Corporation*." (emphasis added)).

compel Chase to file an amended proof of claim that includes a copy of the Resolution is granted.[69]

On remand, after the filing of Chase's amended proof of claim and assuming Ms. Guthans files an objection thereto, the Bankruptcy Court will be required to determine whether Ms. Guthans' claim the mortgage the mortgage is invalid has prescribed. Under Louisiana law, any unauthorized action taken in the name of an entity cannot bind the entity,[70] and "a mortgage of real property by mandate is a nullity if the mandatory lacked appropriate authority."[71] Louisiana Civil Code article 2032 provides that an action for annulment of an absolutely null contract does not prescribe, and an action for annulment of a relatively null contract must be brought within five years from the time the ground for nullity either ceased, as in the case of incapacity or duress, or was discovered, as in the case of error or fraud.[72] Moreover, "Nullity may be raised at any time as defense against an action on the contract, even after the action for annulment has prescribed."[73] A contract is relatively null when it violates a rule intended for the protection of private parties, as when a party lacked capacity or did not give free consent at the time the contract was made.[74] A contract is absolutely null when it violates a rule of public order, as when the object of a contract is illicit or immoral.[75]

---

[69] The Court assumes once Chase files an amended proof of claim, Ms. Guthans will file an objection as a party in interest. Ms. Guthans is free to reurge and seek resolution of the remaining issues asserted in her motion to compel at that time.

[70] *Nine-O-Five Royal Apartment Hotel, Inc.*, 151 So. 3d at 747 (citing *Marsh Inv. Corp.*, 490 F. Supp. at 1327).

[71] *Nat'l Bank of Bossier City v. Nations*, 465 So. 2d 929, 935 (La. App. 2 Cir. 1985) (interpreting Louisiana Civil Code articles 2996 and 2997); *Marsh Inv. Corp.*, 490 F. Supp. at 1328 ("Because these mortgages were acquired either through error or through fraud, and not by consent of the corporation, they are illegal, null, and void, and must be extinguished.").

[72] La. C.C. art. 2032.

[73] La. C.C. art. 2030.

[74] La. C.C. art. 2031.

[75] La. C.C. art. 2030.

Ms. Guthans filed her adversarial action more than eight years after Chase recorded the collateral mortgage note. On remand, assuming Ms. Guthans objects to the amended proof of claim based on the mortgage's invalidity, the Bankruptcy Court must determine whether the collateral mortgage on the Independence Street Property is a relative or absolute nullity. If the court determines the collateral mortgage is an absolute nullity, the action for an annulment of the mortgage does not prescribe.[76] If the court determines the collateral mortgage is a relative nullity, it must then consider when Ms. Guthans discovered that Mr. Guthans mortgaged the Independence Street Property pursuant to the Resolution. Further, the bankruptcy court must determine whether her claim nevertheless may be asserted as a defense against an action on a contract.[77]

Accordingly;

## **CONCLUSION**

**IT IS ORDERED** that the Bankruptcy Court's September 28, 2017 order granting Appellee JPMorgan Chase Bank, N.A.'s motion for summary judgment is hereby **REVERSED.**[78]

**IT IS FURTHER ORDERED** that case number 17-10554 be **REMANDED** to the U.S. Bankruptcy Court for the Eastern District of Louisiana for further proceedings not inconsistent with this Order.

---

[76] La. C.C. art. 2032.

[77] *Id.* The Court notes that "recordation [of a mortgage] in the public records does not constitute constructive notice to third parties under La. C.C. art. 2041." *London Towne Condominium Homeowner's Ass'n v. London Towne Co.*, 06-401 (La. 10/17/06); 939 So. 2d 1227, 1234.

[78] Bankr. No. 17-1019, R. Doc. 68.

**IT IS FURTHER ORDERED** that the Bankruptcy Court's November 16, 2017 order denying Appellee Debra Guthans' motion to compel Chase to amend its proof of claim is hereby **REVERSED** and **RENDERED**.[79] The motion to compel is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that case number 17-12719 be **REMANDED** to the U.S. Bankruptcy Court for the Eastern District of Louisiana for further proceedings not inconsistent with this Order.

**IT IS FURTHER ORDERED** that the parties' request for oral argument is hereby **DENIED AS MOOT**.

**New Orleans, Louisiana, this 25th day of June, 2018.**

                                              **SUSIE MORGAN**
                                  **UNITED STATES DISTRICT JUDGE**

---

[79] Bankr. No. 15-12993, R. Doc. 209.